INGRAHAM, J. The questions presented in this case are the same presented in the case of City of New York v. Sixth Ave. R. Co. (decided herewith) 79 N. Y. Supp. 319, except that in this case the defendant the Eighth Avenue Railroad Company, by an instrument in writing dated November 23, 1895, leased to the defendant the Metropolitan Street Railway Company its lines of railroad constructed and operated by it in the city of New York pursuant to its charter and grant by the mayor, aldermen, and commonalty of the city of New York, and the act of the legislature, and that the defendant Metropolitan Street Railway Company has ever since operated and maintained the same, and the passenger cars thereon. For the reasons stated in the opinion in that case, we think that the judgment appealed from, so far as it overrules the joint demurrer of the defendants and the separate demurrer of the Eighth Avenue Railroad Company should be

reversed, and the demurrers sustained, with costs in this court and in the court below, and that the judgment, so far as it overrules the separate demurrer of the Metropolitan Street Railway Company should be affirmed, with costs, with leave to the Metropolitan Street Railway Company to answer on payment of costs in this court and in the court below. All concur.

═══════

CITY OF NEW YORK, Respondent, v. FORTY-SECOND ST. & G. ST. FERRY R. CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. December 19, 1902.) Action by the city of New York against the Forty-Second Street & Grand Street Ferry Railroad Company and others. From an interlocutory judgment overruling demurrers to the complaints, defendants appeal. Reversed in part. Charles F. Brown, for appellants. Chase Mellen, for respondent.

INGRAHAM, J. This action is brought to recover license fees for cars used by the defendant the Metropolitan Street Railroad Company in the operation of a street railroad. The complaint, after alleging the incorporation of the plaintiff and of the defendants, alleges that the defendant Forty-Second Street & Grand Street Ferry Railroad. Company on or about February 21, 1863, became the assignee of one John C. Conoyer and others, of the rights, privileges, and franchises conferred upon them by virtue of chapter 515 of the Laws of 1860; that in and by said act it was provided, among other things, that said Conover and others, and their assigns, should pay to the city the same license fees annually for each car run upon the lines of said railroad as was then paid by the other city railroads in said city; that by an ordinance duly approved December 3, 1858, the common council of said the mayor, aldermen, and commonalty of the city of New York, being thereto duly authorized, did ordain as follows: "Each and every passenger railroad car running in the city of New York below 125th street shall pay into the city treasury the sum of fifty dollars annually for a license"; that on or about May 18, 1898, the defendant Forty-Second Street & Grand Street Ferry Railroad Company leased to the defendant Metropolitan Cross-Town Railroad Company its lines of railroad and appurtenances, passenger cars, and other property, and that on or about May 28, 1894, the defendant Metropolitan Cross-Town Railroad Company was consolidated into and with the Metropolitan Street Railway Company, and ever since operated and maintained, and been in the control of, the lines of railroad of said defendant Forty-Second Street & Grand Street Ferry Railroad Company, and the passenger cars run thereon; that during the years 1896 to 1899, inclusive, there were used, run, and operated upon the lines of the railroad of the defendant Forty-Second Street & Grand Street Ferry Railroad Company, below 125th street, in the city of New York, passenger cars, for which there became due, and the defendants became liable to pay to the plaintiff, car-license fees, of which there remained due to the plaintiff the sum of $1,000, with interest thereon. The defendants jointly demur-

red to this complaint upon the ground that several causes of action were improperly united, and each defendant separately demurred upon the same ground, and also upon the ground that the complaint does not state facts sufficient to constitute a cause of action against it. For the reasons stated in the case of City of New York v. Sixth Ave. R. Co. (decided herewith) 79 N. Y. Supp. 319, we think that the judgment appealed from, so far as it overrules the joint demurrer of the defendants, and the separate demurrers of the Forty-Second Street & Grand Street Ferry Raiload Company and the Metropolitan Cross-Town Railway Company should be reversed, and the demurrers sustained, with costs in this court and in the court below, and that the judgment, so far as it overrules the separate demurrer of the Metropolitan Street Railway Company, should be affirmed, with costs, with leave to the Metropolitan Street Railway Company to answer on payment of costs in this court and in the court below. All concur.